CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 26 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DEANGELO CLARK,** ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00448 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **DAVID A. ROBINSON,** ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

Plaintiff DeAngelo Clark, # 324098, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Clark alleges that the defendant refuses to transfer him to a lower security institution in violation of the Eighth and Fourteenth Amendments. As relief, Clark seeks an immediate transfer to a lower security institution. Upon review of the record, the court concludes that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

Clark alleges that he is improperly housed at Wallens Ridge State Prison ("Wallens Ridge"). Specifically he claims that he only has "6 points" and, therefore, should be housed at an institution with a security level of two or three, rather than one with a security level of five.

---

[1] Clark has also filed a motion for a temporary restraining order and/or preliminary injunctive relief based on the claims raised in the instant action. However, for the reasons stated herein, plaintiff's claims fail on the merits, thus his motion for preliminary injunctive relief must be also be denied.

1

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

To the extent Clark alleges that his current incarceration at Wallens Ridge, rather than at a security level two or three institution, violates his due process rights or amounts to cruel and unusual living conditions, it fails. "In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). An inmate has no constitutional right to be housed in any particular prison, and prison officials have broad discretion to determine the facility at which an inmate is housed. Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature); but see, Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at which prisoner

would experience exceptionally more onerous conditions did implicate the Due Process Clause). As Clark does not have a general liberty interest in being incarcerated in any particular facility nor has he been transferred to a "Supermax" facility, the court finds that he has not stated a due process claim.

Likewise, Clark has failed to allege facts which suggest his placement at Wallens Ridge violates the Eighth Amendment. To state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Clark has not alleged he has suffered any significant injury or risk of future injury due his current place of incarceration and, therefore, fails to state a claim under the Eighth Amendment.

## IV.

Based on the foregoing, the court finds that Clark has not presented any claims that constitute a violation of his constitutional rights. Therefore, Clark's complaint is hereby dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 26th day of July, 2006.

/s/ James C. Turk
Senior United States District Judge